UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TUTOR PERINI BUILDING CORP.,
*individually and, as to Count I of the Complaint, on behalf of all others similarly situated, pursuant to Article 3-A of the N.Y. Lien Law*,

                         Plaintiff,

          -v-

NEW YORK CITY REGIONAL CENTER, LLC; GEORGE WASHINGTON BRIDGE BUS STATION AND INFRASTRUCTURE DEVELOPMENT FUND, LLC; GSNMF SUB-CDE 12 LLC; GSB NMTC INVESTOR LLC; LIIF SUB-CDE XXVI, LLC; DVCI CDE XIII, LLC; GWB NMTC INVESTMENT FUND LLC; GWB LEVERAGE LENDER, LLC; GEORGE WASHINGTON BRIDGE BUS STATION AND INFRASTRUCTURE DEVELOPMENT FUND, PHASE II, LLC; UPPER MANHATTAN EMPOWERMENT ZONE DEVELOPMENT CORPORATION; SLAYTON VENTURES, LLC; SLAYTON EQUITIES; SJM PARTNERS INC.; PAUL SLAYTON, *an individual*, STEPHEN GARCHIK, *an individual*, WILLIAM "TREY" BURKE, *an individual*, STEPHEN MCBRIDE, *an individual*, and DOES 1-300, *inclusive*,

                         Defendants.

20 Civ. 731 (PAE)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

    This case concerns a dispute over the alleged nonpayment and diversion of funds related to the renovation of the George Washington Bridge Bus Station in upper Manhattan. Plaintiff Tutor Perini Building Corp. ("TPBC"), an Arizona corporation with its principal place of business in Nevada, was retained by non-party George Washington Bridge Development Venture LLC ("Developer") to provide construction work on that renovation project. But, TPBC alleges, the Developer—now in bankruptcy—has failed to make good on its payment obligations. The

Developer's inability to pay TPBC and its subcontractors, TPBC alleges, results from the unlawful diversion of funds that the Developer received from the Port Authority of New York and New Jersey ("Port Authority") and various lenders. TPBC has thus sued various parties to that diversion, including, as alleged, the Developer's owners, several entities related to the Developer, and the recipients of the diverted funds.

Before addressing the merits of those claims, however, the Court must confirm its subject-matter jurisdiction. *Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 83 (2d Cir. 1990) ("[S]ubject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power."); *All. For Env't Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 85 (2d Cir. 2006) (generally "the jurisdictional issue must be resolved before the merits issue"). Here, the only possible basis for such jurisdiction is the diversity of the parties.[1] "It is axiomatic that, for diversity jurisdiction to be available, all of the adverse parties in a suit must be completely diverse with regard to citizenship." *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir. 1998); *see Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) (Diversity jurisdiction lies "only if there is no plaintiff and no defendant who are citizens of the same State."). For diversity purposes, a corporation "is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). And a limited liability company ("LLC") "takes the citizenship of each of its members." *Id.* at 49.

---

[1] TPBC's second amended complaint also asserts that the Court "independently" has federal-question jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201. *See* Dkt. 73 ("SAC") ¶ 4. But that is wrong. *See, e.g.*, *Correspondent Servs. Corp. v. First Equities Corp. of Fla.*, 442 F.3d 767, 769 (2d Cir. 2006) ("[T]he Declaratory Judgment Act does not by itself confer subject matter jurisdiction on the federal courts. Rather, there must be an independent basis of jurisdiction before a district court may issue a declaratory judgment." (citation omitted)).

Here, more than half of the defendants are LLCs. Yet TPBC has failed to identify all the members of those LLCs, let alone their citizenship. For some, TPBC identifies only the entity's "managing members" and their citizenship. *See* SAC ¶¶ 8–9, 11, 16, 18. For others, it identifies the citizenship of a member that owns a 99.9% interest in the LLC, but fails to identify the membership of the owner(s) of the remaining stake. *See id.* ¶¶ 10, 12–13. And for another, TPBC alleges only that the LLC's members are other LLCs, but fails to identify those LLCs' members. *See id.* ¶ 15.[2] The defendants, therefore, argue that TPBC has failed to sufficiently plead that most of the LLC defendants are diverse from TPBC, and that the SAC should be dismissed for lack of subject-matter jurisdiction. *See* Dev. Aff. Mem. at 8–9.

TPBC's response is threefold. First, it argues that its diversity allegations are sufficient because, despite the above shortcomings, it has included a further blanket allegation: "TPBC is informed and believes and thereon alleges that none of the defendants named in this Second Amended Complaint are citizens nor have their principal places of business in the States of Nevada or Arizona." SAC ¶ 25. In support, it relies on out-of-circuit authority allowing such pleading to survive a motion to dismiss where the defendant is an LLC and the plaintiff, after exercising reasonable diligence, cannot determine its members. *See* Dkt. 84 ("Pl. Dev. Aff. Opp'n") at 4–6 (citing *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99 (3d Cir. 2015)). Second, TPBC argues that—if the Court finds the present pleading inadequate—TPBC should be permitted limited jurisdictional discovery to establish the defendants' citizenship, and has moved for such discovery. Dkts. 86–88. Third and last, TPBC argues that, even if the SAC is deficient, the Court should dismiss the non-diverse defendants but not dismiss the SAC wholesale.

---

[2] The SAC adequately pleads the citizenship of all corporate and individual defendants, and the defendants do not appear to argue otherwise. *See* SAC ¶¶ 17, 19–24; Dkt. 75 ("Dev. Aff. Mem.") at 3.

3

The defendants disagree on each point. Opposing TPBC's motion for jurisdictional discovery, they first argue that the Third Circuit's *Lincoln Benefit* decision conflicts with general principles of federal subject-matter jurisdiction, has not been adopted by any court in this Circuit, and should be rejected. Dkt. 92 ("Def. Opp'n") at 5–6. Second, they argue that, although jurisdictional discovery may be appropriate in the context of a *factual* challenge to subject-matter jurisdiction (*i.e.*, a challenge to the truth of jurisdictional allegations), it is unavailable when defendants bring a *facial* challenge (*i.e.*, a challenge to the sufficiency of a complaint's jurisdictional allegations, taken as true). *See id.* at 6–8. Last, they argue that, at the pleading stage, the proper response to deficient jurisdictional allegations is full dismissal, not the pruning of non-diverse defendants. *See id.* at 8. They therefore contend that the only permissible course is to dismiss TPBC's complaint, in its entirety, with prejudice.

The Court holds that, between the polar outcomes urged by the parties, a middle ground—granting limited jurisdictional discovery to confirm or disprove the existence of complete diversity—is warranted.

First, defendants are correct that, as it stands, the SAC fails to allege complete diversity. Plaintiffs bear the burden of "showing by a preponderance of the evidence that subject matter jurisdiction exists." *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003). "[J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). TPBC has not met that burden. The SAC does not allege the complete citizenship of more than half of the named parties, preventing the Court from fulfilling its "independent obligation to determine whether subject-matter jurisdiction exists." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

4

TPBC's blanket assertion that, to its knowledge, no defendant is a citizen of Arizona or Nevada does not remedy this defect. The Court declines to apply the Third Circuit's decision in *Lincoln Benefit*, or other out-of-circuit case adopting it, here. *Lincoln Benefit* strays from the well-established principles placing the onus of pleading subject-matter jurisdiction on the party invoking it. *See, e.g.*, *Cameron v. Hodges*, 127 U.S. 322, 325 (1888) ("This court has always been very particular in requiring a distinct statement of the citizenship of the parties, and of the particular state in which it is claimed, in order to sustain the jurisdiction of [the federal] courts[.]"); *Brown v. Keene*, 33 U.S. (8 Pet.) 112, 114 (1834) ("The decisions of this court require, that the averment of jurisdiction shall be positive, that the declaration shall state expressly the fact on which jurisdiction depends."); *Lunney*, 319 F.3d at 554; *Shipping Fin. Servs.*, 140 F.3d at 131; *see also Veras v. Sirawan Transp., Inc.*, --- F. Supp. 3d ---, 2020 WL 6826256, at *1 n.1 (E.D.N.Y. Nov. 20, 2020) (disagreeing "with the Third Circuit's creation of special relaxed pleading rules for unincorporated business associations in the name of 'policy'" as contradicting, *inter alia*, "venerable Supreme Court authority"); *Lettman v. Bayview Loan Servicing, LLC*, No. 19 Civ. 3204 (BMC), 2019 WL 2504015, at *2 (E.D.N.Y. June 17, 2019) ("declin[ing] to follow the[] reasoning" in *Lincoln Benefit*). Absent such a relaxed pleading standard, TPBC has not met its burden of "includ[ing] in its complaint adequate allegations to show that the district court has subject matter jurisdiction." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 64 (2d Cir. 2009). TPBC has admitted that it does not know the citizenship of each LLC defendant. *See* Pl. Dev. Aff. Opp'n at 4. If any of those defendants were a citizen of Arizona or Nevada, the Court's diversity jurisdiction would be destroyed. Accordingly, the Court cannot deny the defendants' motion to dismiss for lack of subject-matter jurisdiction.

Nor, however, will the Court grant that motion at this point. The defendants challenge only the sufficiency of TPBC's pleadings. They have not argued that any defendant is, in fact, a citizen of Arizona or Nevada such that diversity is lacking. Instead, they argue that dismissal is required simply because TPBC has been unable to unearth non-public information about every defendants' baroque ownership structure, despite TPBC's apparently diligent efforts to do so. *See* Dkt. 87 ("Anderson Decl.") ¶¶ 8–14 (describing efforts).

In such circumstances, courts commonly grant jurisdictional discovery. "The Court has authority to order jurisdictional discovery to allow [a party] the opportunity to demonstrate subject matter jurisdiction." *Mills 2011 LLC v. Synovus Bank*, 921 F. Supp. 2d 219, 228 (S.D.N.Y. 2013); *see Gualandi v. Adams*, 385 F.3d 236, 244 (2d Cir. 2004) ("[C]ourts generally require that plaintiffs be given an opportunity to conduct discovery on these jurisdictional facts, at least where the facts, for which discovery is sought, are peculiarly within the knowledge of the opposing party"). When a plaintiff has made a "threshold showing for some basis to assert jurisdiction, such as facts that would support a colorable claim of jurisdiction," courts "have allowed jurisdictional discovery." *Mills*, 921 F. Supp. 2d at 228; *see Ayyash v. Bank Al-Medina*, No. 04 Civ. 9201 (GEL), 2006 WL 587342, at *5 (S.D.N.Y. Mar. 9, 2006) (allowing jurisdictional discovery where plaintiff "made a sufficient start" toward establishing jurisdiction, "though not a prima facie showing" (citation omitted)). Here, TPBC has demonstrated that every entity for which complete citizenship information is publicly available is diverse from it, and that, even for the LLCs as to which it cannot allege complete diversity, the information that is available is consistent with diversity. *See* SAC ¶¶ 8–24; Anderson Decl. ¶¶ 4–7. That presents a sufficient "threshold showing" to support a "colorable claim" of jurisdiction. *Mills*, 921 F. Supp. 2d at 228; *see Burlington Ins. Co. v. MC&O Masonry, Inc.*, No. 17 Civ. 2892 (FB), 2018

WL 3321427, at *3 (E.D.N.Y. July 5, 2018) ("Based on counsel's good faith representation that the necessary information is not publicly available, jurisdictional discovery is appropriate.").

Defendants' attempt to draw a bright line between the availability of such discovery in facial versus factual challenges to the Court's subject-matter jurisdiction is unpersuasive.  They have not identified cases holding that jurisdictional discovery is generally unavailable in the former class of cases.  Instead, they seek to distinguish each of the many cases in which courts *have* ordered jurisdictional discovery, arguing that each, properly construed, involved a factual, not facial, challenge to the Court' jurisdiction.  *See* Def. Opp'n at 6–7.  But that effort is unavailing.  Courts have routinely ordered jurisdictional discovery where a complaint's allegations, taken as true, would fail to establish diversity jurisdiction.  *See, e.g.*, *Burlington Ins. Co.*, 2018 WL 3321427, at *3 (ordering jurisdictional discovery where the complaint "does not allege the identity or citizenship of the members of" two LLCs); *Napoli-Bosse v. Gen. Motors LLC*, No. 18 Civ. 1720 (MPS), 2018 WL 11193187, at *1 (D. Conn. Nov. 27, 2018) ("If, after a diligent effort, the plaintiffs are unable to determine the citizenship of each member of GM LLC, they may file a motion requesting limited jurisdictional discovery from the defendant to establish the existence of minimal diversity between the parties."); *Frati v. Saltzstein*, No. 10 Civ. 3255 (PAC), 2011 WL 1002417, at *6 (S.D.N.Y. Mar. 14, 2011) ("The documents currently before the Court suggest that there is a lack of complete diversity . . . .  The Court, however, will afford Plaintiffs limited, expedited discovery on this issue, and defer consideration of Defendants['] motion to dismiss for lack of diversity until completion of such discovery" as to membership of LLCs);[3] *see also Caren v. Collins*, 689 F. App'x 75, 76 (2d Cir. 2017) (summary order)

---

[3] The defendants note that, in *Frati*, "it appeared that a party was non-diverse, and the party asserting [jurisdiction] was allowed jurisdictional discovery to prove otherwise."  Def. Opp'n

(remanding for district court, "following whatever additional proceedings it deems necessary, to supplement the record with findings as to the citizenship of each of the parties" where complaint did "not allege the citizenship of the individual defendants who are alleged to have been members of the limited partnership").[4] And the mere failure to *plead* subject-matter jurisdiction does not itself deprive federal courts of the power to investigate and ascertain the existence of such jurisdiction. *See Jacobs v. Patent Enf't Fund, Inc.*, 230 F.3d 565, 567–68 (2d Cir. 2000) ("[W]hile a complaint must present certain quite particular allegations of diversity jurisdiction in order to be adequate, the actual *existence* of diversity jurisdiction, *ab initio*, does not depend on the complaint's compliance with these procedural requirements.").

Accordingly, the Court orders limited, written jurisdictional discovery, aimed solely at determining whether the parties are diverse. Such discovery is limited to the LLC defendants,

---

at 7 n.4. Review of the complaint in that case shows that it failed to allege the membership of defendant LLCs' and partnerships' members and partners. *See Frati v. Saltzstein*, No. 10 Civ. 3255 (PAC), Dkt. 1 ¶¶ 5–11 (S.D.N.Y. filed Apr. 16, 2010). In moving to dismiss, the defendants offered evidence that some LLCs' members were nondiverse. *Frati*, 2011 WL 1002417, at *6. It is unclear why jurisdictional discovery would be appropriate in the presence of both a deficient complaint *and* further evidence undermining the Court's diversity jurisdiction, but be unavailable when, as here, defendants have not even argued that diversity is actually lacking.

[4] Nor are the two cases on which defendants mainly rely compelling. In each, the party invoking federal jurisdiction had made far less substantial efforts to ascertain defendants' citizenship than TPBC has done here. *See Lettman*, 2019 WL 2504015, at *1 (removing defendants failed to identify "any of [other defendants'] members or their members' citizenship"); *Sourceone Healthcare Techs., Inc. v. Bensonhurst Imaging Assocs. Mgmt. LLC*, No. 08 Civ. 2568 (BMC), 2008 WL 2697324, at *2 (E.D.N.Y. July 2, 2008) (denying request for jurisdictional discovery where plaintiff cited "no facts" to back up jurisdictional allegations). In all events, neither case articulated a generalized rule against jurisdictional discovery. *See, e.g.*, *APWU v. Potter*, 343 F.3d 619, 626 (2d Cir. 2003) ("A district court retains considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction." (citation omitted)). And other decisions even within the Eastern District have taken the approach the Court does here. *See, e.g.*, *Burlington Ins. Co.*, 2018 WL 3321427, at *3.

*see* SAC ¶¶ 8–16, 18, not the individuals and corporations whose citizenship the SAC already sufficiently alleges, *see id* ¶¶ 17, 19–24; Dev. Aff. Mem. at 3.

## CONCLUSION

For the foregoing reasons, the Court grants TPBC's motion for limited jurisdictional discovery, Dkt. 86, and defers ruling on and stays the pending motions to dismiss, Dkts. 74, 76, 78, 80.

The parties shall undertake and complete such discovery, which shall be limited to document requests and interrogatories sufficient to show the citizenship of all members of each defendant LLC, by January 29, 2021. To assure that this deadline is met, the parties are also directed to confer and file on the docket of this case, by January 5, 2021, a schedule for completing that discovery.

By February 8, 2021, the defendants shall submit a single supplemental memorandum, supported by relevant documentation from discovery, in support of their motion to dismiss for lack of subject-matter jurisdiction. By February 18, 2021, TPBC shall submit a single supplemental memorandum, similarly supported, in opposition to the defendants' motion to dismiss for lack of subject-matter jurisdiction. Neither memorandum shall exceed 10 double-spaced pages.

SO ORDERED.

                                                    PAUL A. ENGELMAYER
                                                    United States District Judge

Dated: December 29, 2020
       New York, New York