**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, New York 10112-0015
212.653.8700 main
212.653.8701 fax
www.sheppardmullin.com

212.896.0661 direct
emanderson@sheppardmullin.com

April 27, 2021

**VIA ECF ONLY**
Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   Tutor Perini Building Corp. v. New York City Regional Center, et al.,
         (nysd-1:2020-cv-00731)

Dear Judge Engelmayer:

The parties in the above-referenced matter jointly submit this letter in anticipation of the pretrial conference set for May 3, 2021.

**Description of Case**

Plaintiff Tutor Perini Building Corp. ("TPBC"), a contractor for the renovation of the George Washington Bridge Bus Station in upper Manhattan (the "Project"), commenced this action by filing a Complaint on January 27, 2020 (Dkt. 1), followed by an Amended Complaint on March 24, 2020 (Dkt. No. 61), and then a Second Amended Complaint ("SAC") on April 24, 2020. (Dkt. No 72). Following the Court's March 15, 2021 Order (Dkt. 118, the "Order"), TPBC was permitted to sustain two of its four original claims against Defendants William "Trey" Burke, Stephen Garchik, Stephen McBride, SJM Partners, Inc., Paul Slayton, Slayton Equities and Slayton Ventures, LLC (collectively, the "Defendants"): (1) statutory diversion under Article 3-A of the New York Lien Law (the "Lien Law"); and (2) common law conversion.  The gravamen of TPBC's claims are that Defendants, through the non-party owner/ground-leasee of the Project, George Washington Bridge Bus Station Development Venture, LLC ("Developer"),[1] diverted monies which were meant to be held in trust for TPBC pursuant to Article 3-A of the Lien Law, to themselves and other purposes not permitted by the Lien Law.

On April 12, 2021, the Defendants filed an answer denying the remaining allegations in the SAC (Dkt. 125), and raising affirmative defenses, inter alia: (1) that TPBC is not owed any money under its construction contract with Developer, and therefore cannot recover under the Lien Law, or for common law conversion; and (2) even if TPBC were owed money by Developer under its construction contract, the

---

[1] Developer is now in bankruptcy.

**SheppardMullin**

Honorable Paul A. Engelmayer
April 27, 2021
Page 2

remaining Defendants, who were either unrelated to Developer, or equitable owners or in control of Developer, did not knowingly, or otherwise, use trust monies for themselves or for non-trust purposes.

Owing to the statutory requirement of Lien Law § 77 that TPBC must prosecute its claim for diversion as a representative action, and in lieu of dismissing the SAC, the Court directed TPBC to move for class certification under Fed. R. Civ. P. 23, or join all Lien Law trust beneficiaries under Fed. R. Civ. P. 19 (the "Motion"). (Order at 28). The Court stated class discovery and TPBC's Motion should happen "expediently."

**Case Management Plan and Discovery**

The parties have a fundamental disagreement as to whether class discovery and fact discovery should proceed in phases or concurrently.  To streamline resolution of this issue, the Case Management Plan submitted with this joint letter contains an Option A and an Option B to be selected depending on whether your Honor prefers the phased or concurrent discovery.

TPBC's position is that class and fact discovery should run concurrently in the interests of the overall expediency of the case, because the relevant information is in the possession of third-parties, and it will take additional time for them to respond to subpoenas during the ongoing pandemic.

Defendants' position is that merits discovery should commence after the Court's decision on the Motion.  The Motion will result in TPBC adding new parties and/or expanding the scope of its claim.  Any new parties will have their own document demands and will want their own depositions.  Therefore, if the Court decides to do merits discovery prior to its decision on the Motion, the parties will likely need to engage in duplicative discovery efforts to address these demands.[2]   The addition of new parties will also completely frustrate whatever discovery schedule the Court sets at the May 3, 2021 conference.

 While the parties are aware that the Court prefers a 120 day fact discovery period, they both believe such a schedule would be impossible for the parties to meet. The parties are faced with litigating what are essentially two distinct complex cases: (1) TPBC's claim for alleged diversion of Lien Law trust funds, and (2) that TPBC is not owed any money under its construction contract. Either case would require more than 120 days of discovery, but particularly the Lien Law claim requires additional time

---

[2] Additionally, as Defendants have noted previously, following the Motion, the Court may lose subject matter jurisdiction resulting in dismissal and the parties needing to restart this case from scratch in state court.

**SheppardMullin**

Honorable Paul A. Engelmayer
April 27, 2021
Page 3

because the parties must review almost ten years of Project transactions.  Therefore, the parties initially request 210 days to do fact discovery.

### Contemplated Motions

TPBC anticipates filing the Motion.  Based on the nature and outcome of the Motion, Defendants may file a motion to dismiss for lack of subject matter jurisdiction.

Defendants plan to file a motion for Mary E. Toscano, Esq. to be admitted to the Southern District of New York *pro hac vice*. TPBC consents to Ms. Toscano's admission to this Court *pro hac vice*.

The parties reserve the right to file motions for summary judgment following the close of discovery.

### Prospect for Settlement

The parties discussed the possibility of settlement during the Rule 26(f) conference.  TPBC is willing to discuss settlement at any time.  While Defendants are in principle willing to discuss settlement at any time, the Lien Law requires Court approval for any settlement, as would Fed. R. Civ. P. 23.  Therefore, Defendants believe settlement discussions cannot begin in earnest until the Court decides the Motion.

Respectfully,

| | |
|---|---|
| SHEPPARD, MULLIN, RICHTER & HAMPTON LLP | SILLS CUMMIS & GROSS P.C. |
| | |
| */s/ Emily D. Anderson* | */s/ Matthew P. Canini* |
| Ira M. Schulman | Matthew P. Canini |
| Emily D. Anderson | Mark S. Olinsky |
| | James M. Hirschhorn |
| *On behalf of Plaintiff Tutor Perini Building Corp.* | David Newman |
| | *On behalf of Defendants William "Trey" Burke, Stephen Garchik, Stephen McBride, SJM Partners Inc., Paul Slayton, Slayton Equities and Slayton Ventures, LLC* |
| NIDA & ROMYN, P.C. | |
| */s/ Robert Nida* | |
| Robert Nida | |
| *On behalf of Plaintiff Tutor Perini Building Corp.* | |

cc:    All counsel of record (via ECF)
SMRH:4842-9796-0935.1